# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-51076
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE HUMBERTO HERNANDEZ-MENDEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-637-1

---

Before JONES, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Jose Humberto Hernandez-Mendez appeals his sentence of 30 months of imprisonment and three years of supervised release imposed following his guilty plea conviction for illegal reentry after removal. He argues that the enhanced punishment provision in 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-51076

statutory maximum of two years of imprisonment and one year of supervised release based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. *See also* 8 U.S.C. § 1326(a) (setting otherwise applicable two-year maximum prison term); 18 U.S.C. §§ 3559(a) (classifying felonies), 3583(b) (setting maximum supervised release terms for different felony classes).

Hernandez-Mendez has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He explains that he has raised the issue to preserve it for possible further review. Accordingly, because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Hernandez-Mendez's motion is GRANTED, and the district court's judgment is AFFIRMED.